IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DMITRY PRONIN | * |
| Plaintiff | * |
| v. | *   Civil Action No. RWT-14-1325 |
| DEBORAH RICHARDSON, *et al.* | * |
| Defendants | * |
| | *** |

## MEMORANDUM OPINION

Defendants filed a Motion to Dismiss (ECF No. 7) and a Motion to Dismiss or for Summary Judgment (ECF No. 10) in the above-captioned case. Plaintiff opposes the motions. ECF No. 12. The Court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons that follow, Defendants' motions shall be granted.

## BACKGROUND

Plaintiff Dmitry Pronin ("Pronin") states that in June of 2013, while he was confined to the United States Penitentiary in Terre Haute, Indiana ("USP Terre Haute"), he was indicted on first degree murder and first degree assault in Baltimore County, Maryland. ECF No. 1-1 at 1. In October of 2013, Pronin sent a request to the Warden at USP Terre Haute indicating it was Pronin's opinion that he was entitled to an extradition hearing before he could be extradited to Maryland even though the federal government was not a signatory to the Uniform Criminal Extradition Act ("UCEA"). *Id.* Despite his request, Pronin was transferred to Baltimore County, Maryland on December 4, 2013, without an extradition hearing. *Id.* at pp. 1-2. As relief, Pronin seeks declaratory relief concerning his right to an extradition hearing; injunctive relief granting his immediate return to federal custody; and monetary damages. ECF No. 1 at p. 8.

**STANDARD OF REVIEW**

In reviewing the complaint in light of a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States explained a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* at 1964. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 1969. Thus, a complaint need only state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1975.

Although Defendants caption one of their motions to dismiss in the alternative as a motion for summary judgment, the Court will not consider any matter outside the complaint, and thus the motion will be considered a motion to dismiss under Rule 12(b)(6).

**ANALYSIS**

The Interstate Agreement on Detainers ("IAD") is an agreement among 48 states, including Maryland[1], the District of Columbia, and the United States[2] that "creates uniform procedures for lodging and executing a detainer." *Alabama v. Bozeman*, 533 U.S. 146, 148 (2001). A prosecutor may initiate a request for temporary change in custody under Art. IV of the IAD. *See Cuyler v. Adams*, 449 U.S. 433, 444 (1981).

> Article IV of the Agreement provides the procedure by which the prosecutor in the receiving State may initiate the transfer. First, the prosecutor must file with the authorities in the sending State written notice of the custody request, approved by a court having jurisdiction to hear the underlying charges. For the next 30 days, the prisoner and prosecutor must wait while the Governor of the sending State, on his own motion or that of the prisoner, decides whether to disapprove the request. If the Governor does not disapprove, the prisoner is transferred to the temporary custody of the receiving State where he must be brought to trial on the charges underlying the detainer within 120 days of his arrival. Again, if the prisoner is not brought to trial within the time period, the charges will be dismissed with prejudice, absent good cause shown.

*Id*. The *Cuyler* Court further concluded "as a matter of federal law that prisoners transferred pursuant to the provision of the [IAD] are not required to forfeit any pre-existing rights they may have under state or federal law to challenge their transfer to the receiving State." *Id*. at 450. While the IAD does not provide a right to a pre-transfer hearing, the UCEA does, and in States that were signatories to the UCEA a pre-transfer hearing is required under the holding in *Cuyler*. *See Ray v. Simon*, CIVA 4:07-1143TLWTER, 2008 WL 5412067, *12 (D.S.C. Dec, 24 2008) *aff'd*, 330 Fed. App'x 424 (4th Cir. 2009).

The UCEA requires a hearing prior to extradition. However, the United States government was never a signatory to the UCEA, as Plaintiff concedes in his Complaint, and does not otherwise require a pre-transfer hearing. Therefore, as a federal prisoner, Pronin had no right

---

[1] Md. Code Ann. Corr. Servs. § 8-401, *et seq.*
[2] 18 U.S.C. App'x 2 § 2.

to a pre-transfer hearing. *See Martin v. Pittman*, 244 Fed. App'x. 597, 602 (5th Cir. 2007) (UCEA has no application where transfer occurs between federal government and state); *Wilson v. Fenton*, 684 F. 2d 249, 252 (3d Cir. 1982) (United States is not a party to the UCEA so rights existing under that Act do not apply to federal prisoner being extradited from federal to state custody).

Pronin asserts in his Declaration in Opposition that he made two separate requests for a pre-transfer hearing and seeks a continuance to obtain copies of those requests. ECF No. 12. Assuming Pronin did in fact make two requests for a hearing, that factor does not alter the analysis. To the extent that the regulations of the Federal Bureau of Prisons may have required a hearing upon Pronin's request, the failure to provide it is not a violation of Pronin's constitutional rights or his rights under federal law, nor does it implicate any of the Defendants named in the instant case.

## CONCLUSION

Pronin is not entitled to the relief sought and the Complaint shall be dismissed. A separate Order follows.


October 31, 2014                                    /s/
                                         ROGER W. TITUS
                                    UNITED STATES DISTRICT JUDGE